PER CURIAM.
 
 *
 

 11 The State of Louisiana, through the Department of Public Safety, Office of State Police, and State of Louisiana, through the Louisiana Gaming Control Board (collectively referred to hereinafter as “State”) invoke the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared portions of La. R.S. 27:28(H)(1) and La. Admin. Code, Title 42, part XIII, § 2901(B)(2)(a) unconstitutional. For the reasons that follow, we find the district court’s judgment of unconstitutionality procedurally improper, and we therefore vacate that judgment without reaching the merits.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 Plaintiffs, Farmer’s Seafood Company, Inc., Alex S. Mijalis, John Cosse, and Johnny Mijalis (collectively referred to hereinafter as “Farmer’s”) filed the instant “Petition for Injunctive Relief,” naming the State as a defendant. The petition sought to enjoin an upcoming administrative hearing before the Gaming Control Board on the ground the statutes and ad
 
 *678
 
 ministrative regulations to be applied at the hearing, namely La. R.S. 27:28(H)(1) and La. Admin. Code, Title 42, part XIII, § 2901(B)(l)and (B)(2)(a), are unconstitutional. In particular, Farmer’s alleged the statute and ^regulations are unconstitutional because they impermissibly delegate legislative authority to an administrative agency.
 

 The State filed an exception of improper use of summary proceeding, arguing the constitutionality of the statute is more properly reserved for an ordinary proceeding, such as a petition for declaratory relief. The State also filed an exception of vagueness. In opposing the petition, the State argued there is a strong presumption in favor of the constitutionality of statutes, and Farmer’s has not made a sufficient prima facie showing that it is likely to prevail on the merits. It contends La. R.S. 27:28(H)(1) does not violate the separation of powers pursuant to La. Const. Art. II, §§ 1 and 2.
 

 The district court granted Farmer’s Petition for Injunctive Relief, and rendered judgment declaring portions of La. R.S. 27:28(H)(1) and La. Admin. Code, Title 42, part XIII, § 2901(B)(2)(a) unconstitutional, pursuant to La. Const. Art. II, § 2. The State now appeals that judgment to this court.
 

 DISCUSSION
 

 The only issue to be considered at a hearing on a preliminary injunction is whether the moving party has met its burden of proving that it will suffer irreparable injury, loss, or damage if the injunction is not issued, that it is entitled to the relief sought as a matter of law, and that it will likely prevail on the merits of the case.
 
 General Motors Acceptance Corp. v. Daniels,
 
 377 So.2d 346 (La.1979).
 

 In the case at bar, the district court’s declaration of unconstitutionality went beyond Farmer’s request for injunc-tive relief, and in effect granted Farmer’s declaratory relief on the merits. There is nothing in the record which would indicate the parties agreed to try the merits of the constitutionality issue at the hearing on the Ispreliminary injunction.
 
 [1]
 
 Thus, the issue of the constitutionality was not ripe for determination.
 
 See Women’s Health Clinic v. State,
 
 01-2645 (La.11/9/01), 804 So.2d 625;
 
 Kruger v. Garden Dist. Ass’n,
 
 99-3344 (La.3/24/00), 756 So.2d 309.
 

 DECREE
 

 For the reasons assigned, the district court’s judgment is vacated and set aside insofar as it declares portions of La. R.S. 27:28(H)(1) and La. Admin. Code, Title 42, part XIII, § 2901(B)(2)(a) unconstitutional. The case is hereby transferred to the Court of Appeal, First Circuit, for expedited review as a timely filed appeal on the merits of the judgment granting the preliminary injunction.
 

 *
 

 Chief Justice Kimball not participating in this opinion.
 

 [1]
 

 . In fact, the State filed an exception of improper use of summary proceeding, asserting the constitutionality of the statute is more properly reserved for an ordinary proceeding, such as a petition for declaratory relief.