PARRO, J.
li>The Louisiana Gaming Control Board (the Board) and the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police (collectively, the defendants), appeal a judgment dismissing their exceptions and granting a preliminary injunction to inter-venors Security Plus, Inc., d/b/a Security Plus; Daiquiri Express, Inc., d/b/a Lil Jeaux’s; Waffle Iron, Inc., d/b/a Cajun Jeaux’s; Vincent/Beglis Parkway, Inc., d/b/a Super Saver Travel Express Center; Jacqueline Palermo; and Burt Vincent (collectively, the Security Plus interve-nors). For the following reasons, we reverse the judgment and dismiss the intervention.
FACTUAL AND PROCEDURAL BACKGROUND
The principal action in this lawsuit was filed by Farmer’s Seafood Company, Inc. (Farmer’s), seeking injunctive relief from certain pending administrative actions in which the Board threatened to deny renewal of its license as a non-gaming supplier to Louisiana riverboat casinos and to *1163 find that all of its owners were unsuitable to do business with the gaming industry, due to Farmer’s employment of a convicted felon, Gus Mijalis. The Board’s actions were based on LSA-R.S., 27:28(H)(1) and LAC 42:XIII.2901(B)(1) and (B)(2)(A), which set out the “suitability” requirements for persons and entities involved in the casino gaming industry. Farmer’s claimed that the statute and regulations were unconstitutional, because they were vague and impermissibly delegated legislative authority over gaming to an administrative agency. After a hearing, the district court found the challenged statute and regulations were unconstitutional and granted Farmer’s a preliminary injunction prohibiting the defendants’ actions. On direct appeal to the Louisiana Supreme Court, the declarations of unconstitutionality were vacated and set aside, and the matter was transferred to this court for consideration of the merits of Farmer’s request for a preliminary injunction. See Farmer’s Seafood Co., Inc. v. State ex rel. Dep’t of Pub. Safety, 10-1534 (La.9/3/10), 44 So.3d 676 (per curiam).
This court affirmed the district court’s grant of the preliminary injunction, finding Isthat Farmer’s had made a prima facie showing that the statutory scheme did not prescribe sufficient standards to guide the Board in the execution of the legislative policy, thereby allowing the Board to exercise legislative authority. Similarly, the challenged regulations exceeded the legislature’s grant of authority to the Board and were inconsistent with the statutory scheme. Farmer’s had thereby made a showing that it was likely to prevail on the merits, in that the statute and regulations were an unconstitutional violation of the separation of powers principle and could not be enforced against it as a matter of law. See Farmer’s Seafood Co., Inc. v. State ex rel. Dep’t of Pub. Safety, 10-1746 (La.App. 1st Cir.2/14/11), 56 So.3d 1263, 1272-73. The principal action was remanded to the district court for further proceedings to be conducted as expeditiously as possible.
On June 16, 2011, the Security Plus intervenors filed a petition to intervene as plaintiffs, alleging that all of them, in one way or another, participated in the video gaming industry as licensees or, in one case, as an applicant for a license. They further alleged that the defendants were using an administrative process to deny and/or revoke their licenses, based on the suitability requirements for video poker gaming set out in LSA-R.S. 27:310(B)(l)(a), (b), and (c), LSA-R.S. 27:310(D), and LAC 42:XI.2417(B)(1) and (2), all of which they alleged were unconstitutional. They sought a preliminary injunction to prohibit the administrative proceeding from progressing against them and, ultimately, a permanent injunction against the defendants.
On July 26, 2011, the defendants moved to modify the preliminary injunction entered in the principal action, which prohibited them from proceeding with the pending administrative actions against Farmer’s and its owners, stating that they wished to dismiss all current administrative actions against Farmer’s and its owners. The defendants promised that when they received the requested modification of the injunction, they would dismiss the administrative actions and issue a renewal of the non-gaming supplier permit held by Farmer’s. On August 15, 2011, Farmer’s filed a motion and order to dismiss the principal action with prejudice, stating that it had |4settled and compromised the disputes that had prompted the original litigation. That same day, the district court granted the motion and ordered the principal action dismissed with prejudice.
*1164 The defendants immediately filed a motion to dismiss the intervention on the grounds that the Security Plus intervenors had not obtained leave of court to intervene before the principal action was dismissed, leaving no lawsuit into which they could intervene. They also filed declinato-ry exceptions raising the objections of prematurity, unauthorized use of summary proceedings, non-conformity of the petition, and vagueness and ambiguity of the petition, and peremptory exceptions raising the objections of no cause of action and no right of action. The Security Plus in-tervenors opposed the exceptions and the motion to dismiss.
After a hearing on September 12, 2011, the district court denied the defendants’ motion and exceptions and granted the Security Plus intervenors’ petition for a preliminary injunction, prohibiting the defendants from proceeding with the pending administrative actions against the Security Plus intervenors. The final judgment, signed on September 19, 2011, also fixed security in the amount of $15,000 to be paid by the intervenors into the registry of the court, pursuant to LSA-C.C.P. art. 3610.[1] The Security Plus intervenors filed a verification of security deposit, stating that a cash bond security in the amount of $15,000 had been paid into the registry of the court on September 27, 2011.
The defendants filed an appeal of the district court’s judgment rendered in open court on September 12, 2011, and signed on September 19, 2011. They also filed an application for supervisory writs, seeking relief from the district court’s denial of their exceptions, expedited consideration of the writ, and a stay of further proceedings in the district court until their appeal could be decided by this court. Acting on the writ | ¿application on October 20, 2011, a panel of this court denied the request for a stay as premature, because the defendants had filed a motion to stay with the district court, and a hearing on that motion was set for October 24, 2011. The panel referred the writ application concerning the denial of the defendants’ exceptions to the panel of this court assigned to handle the merits of the appeal. See Farmer’s Seafood Co., Inc. v. The Louisiana Gaming Control Board, 11-1861 (La.App. 1st Cir. 10/20/11) (unpublished writ action). Eventually, because the district court had stayed its proceedings for only 30-day increments, the defendants moved this court for reconsideration of their stay request. That motion was granted, and this court ordered the stay of the district court proceedings to remain in effect until this court had ruled on the pending appeal. See Farmer’s Seafood Co. Inc. v. The Louisiana Gaming Control Board, 11-1919 (La.App. 1st Cir.3/27/12) (unpublished action on civil motion).
In this appeal, the defendants assign as error the district court’s denial of their exceptions and failure to dismiss the petition to intervene, urging that a party cannot intervene in a proceeding challenging the constitutionality of a statute by alleging the unconstitutionality of a different *1165 statute. They also contend that the district court erred in granting the Security Plus intervenors’ request for a preliminary injunction, because they had not proven, and could not prove, their entitlement to injunctive relief on the basis of the unconstitutionality of the video poker gaming statutes and regulations.[2]
DISCUSSION
Louisiana Code of Civil Procedure article 1091, authorizing interventions by third persons in a pending action, provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
IfjAn intervention is an incidental demand that may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. See LSA-C.C.P. arts. 1031(B) and 1033. This lawsuit was initiated by Farmer’s as a petition for injunctive relief. Although the defendants opposed the petition and sought its dismissal by filing an opposition memorandum and exceptions, they did not file an answer to the petition. The matter proceeded to a hearing on Farmer’s request for a preliminary injunction, and the district court granted that request and declared the challenged statute and regulations unconstitutional. The ruling on unconstitutionality was vacated by the supreme court and the case was remanded to this court, which affirmed the district court’s granting of the preliminary injunction. The intervention was filed shortly after this court’s decision was rendered, before any answer was filed by the defendants, before any final judgment on the main demand, and before the principal action was dismissed. Therefore, the filing of the petition of intervention was timely and did not require leave of court.
However, that does not answer the question of whether the intervention, with or without leave of court, was proper. In Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd., 04-0488 (La.App. 1st Cir.5/6/05), 903 So.2d 545, 548-19, this court reviewed the jurisprudential requirements for intervention, noting as follows:
It is well settled by jurisprudence that the requirements for intervention are twofold: the intervenor must have a jus-ticiable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor’s rights. A “justiciable interest” is defined as “the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.” The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor’s rights. (Citations omitted).
*1166 It is also well settled that an interve-nor takes the proceedings as [it] finds them, and [it] cannot substitute [itself] for one of the parties and urge matters that enlarge the issues or modify the basic procedural nature of the principal demand by way of intervention. The intervenor cannot change the issue between the parties, and can raise no new one. [It] must take the suit as [it] finds it without raising issues between the defendant and the plaintiff that they have not themselves raised. The |7intervenor’s rights are confined to joining or resisting either the plaintiff or the defendant, or to opposing both. LSA-C.C.P. art. 1091. The reason why the intervenor’s rights are so limited is because [it] always has [its] own remedy by a separate action to inject new issues. (Citations omitted).
In the case before us, the Security Plus interveners seek injunctive relief to prevent the defendants from taking administrative actions against them that will result in the denial or non-renewal of licenses allowing them to participate in the lucrative business of video poker gaming. They certainly have a justiciable interest, in that they seek a remedy against the same parties who were defendants in the principal action, and those defendants have a real interest in opposing that interest. However, while that interest might give the intervenors a cause of action against the defendants, the real question is whether the intervenors have a justicia-ble interest in the principal action. The principal action alleged that certain statutes and regulations dealing with riverboat casino gaming were unconstitutional. The plaintiffs in the principal action were only interested in those statutes and regulations; they had no interest in any other gaming statutes or regulations. If the principal action had proceeded to a final judgment in favor of Farmer’s and its owners, finding that permanent injunctive relief was required because the challenged riverboat casino gaming statutes were unconstitutional, that judgment would have had no effect at all on the Security Plus intervenors’ claims regarding video poker gaming statutes and regulations. A permanent injunction prohibiting the defendants’ administrative actions against Farmer’s and its owners would not require the defendants to halt their administrative actions against the Security Plus interve-nors.
The Security Plus intervenors have raised a totally new issue in their intervention, namely, whether certain video poker gaming statutes and regulations are unconstitutional, such that their enforcement would be unlawful. They have attempted to inject issues that the plaintiff in the principal action did not raise against the defendants. Therefore, the intervention lacks the requisite connexity to the principal action, and was improper. The Security Plus intervenors have their own remedy by a separate action to raise their issues regarding video poker gaming statutes |8and regulations.
Having so found, the district court’s judgment of September 19, 2011, must be reversed and the Security Plus intervention dismissed. We express no opinion as to the merits of the claims brought by the Security Plus intervenors concerning the unconstitutionality of the challenged video poker gaming statutes and regulations or their entitlement to injunctive relief.
CONCLUSION
For the above reasons, the judgment of September 19, 2011, is reversed. The Security Plus intervention is dismissed, at intervenors’ costs. Pursuant to LSA-C.C.P. art. 3610, the security deposited in the registry of the court shall be used, to *1167 the extent necessary, to indemnify the defendants for the payment of costs incurred and any damages sustained by them due to being wrongfully enjoined. All costs of this appeal are assessed to the intervenors.
MOTION TO CORRECT INTERVE-NORS’ BRIEF GRANTED. JUDGMENT REVERSED AND RENDERED.

. This judgment amended an earlier one signed on September 14, 2011, in which the security deposit was fixed at $20,000. On the district court’s own motion, amendments may be made to judgments prior to the lapse of time for filing a motion for appeal and by consent of the parties. See Villaume v. Villaume, 363 So.2d 448, 451 (La.1978); LaBove v. Theriot, 597 So.2d 1007, 1010 (La.1992); Caldwell v. Leche, 08-0790 (La.App. 1st Cir.9/23/08), 994 So.2d 679, 682 n. 8, writ denied, 08-2859 (La.2/6/09), 999 So.2d 787. The record does not indicate the parties consented to the amended judgment; however, the defendants did not assign the amendment as error, and it was made prior to the lapse of the appeal delays.

. The Security Plus intervenors filed a brief in this appeal and later filed a motion to correct their original brief. We grant the motion to correct the brief by substituting the revised pages 4 and 5.