756 So.2d 309 (2000)
Amy C. KRUGER and St. Charles 1, L.L.C.
v.
The GARDEN DISTRICT ASSOCIATION, et al.
No. 99-CA-3344.
Supreme Court of Louisiana.
March 24, 2000.
*310 Richard Phillip Ieyoub, Attorney General, Angie Rogers LaPlace, Charles H. Braud, Jr., Harry Alston Johnson, III, Baton Rouge, John Henry Ryan, New Orleans, Counsel for Applicant.
Louis Roy Koerner, Jr., William Frank Ridlon, II, Mavis Slattery Early, Edward Reed Washington, III, Deborah Louise Wilson, New Orleans, Counsel for Respondent.
PER CURIAM.[*]
On March 23, 1999, plaintiffs filed suit challenging the constitutionality of La. R.S. 33:2740.38.[1] Section 2740.38 created a security district for the Garden District area of uptown New Orleans. In order to administer the affairs of the security district, section 2740.38 provided for a board of directors consisting of eleven (11) members each of whom was required to own property in the district and reside in the district. Plaintiffs, who failed to qualify, alleged that the dual property ownership/residency requirement for board membership denied them equal protection of the law. They sought temporary as well as permanent injunctive relief, and a declaratory judgment holding section 2740.38 unconstitutional.
The Orleans Parish Civil District Court denied plaintiffs' request for a temporary restraining order but set for hearing their motion for a preliminary injunction. At the hearing, the trial court ruled on various exceptions filed by defendants and took the case under advisement as to the preliminary injunction. On September 14, 1999, the trial court rendered judgment granting plaintiffs' request for a preliminary injunction. However, the trial court's judgment went further, and held section 2740.38(C), the portion of the statute pertaining to the board's membership, unconstitutional. Defendants appealed to this Court. La. Const. art. V, § 5(D).
Upon review of the record in this matter, we conclude that when the trial court declared section 2740.38(C) unconstitutional, it went beyond the limited legal issues regarding the preliminary injunction that were before the court. The hearing conducted was a summary proceeding, the scope of which was limited to addressing plaintiffs' demand for a preliminary injunction as well as the various exceptions filed by defendants. However, the trial court's declaration of unconstitutionality was in effect a ruling on the merits of plaintiffs' petition for declaratory relief. While no great harm would necessarily come from resolving the constitutional issue coincident with a ruling on the preliminary injunction, the record is devoid of anything to suggest that the parties had agreed to try the declaratory actionan action designated by our Code of Civil Procedure as an ordinary proceedingat the preliminary injunction hearing.
Additionally, with the exception of a few exhibits that plaintiffs offered into evidence, no other evidence was taken at the preliminary injunction hearing. At oral argument in this Court, counsel for plaintiffs expressed willingness to stipulate to *311 deciding the case on the current record without additional evidence. Counsel for defendants, who are objecting to the judgment declaring the statute unconstitutional, would not agree to having the constitutional issue resolved on the present record, and would not foreclose the possibility of offering evidence in the trial court if given the opportunity to do so. That being the case, the constitutional issue is not ripe for determination.
Accordingly, we vacate that portion of the trial court's judgment that declared section 2740.38(C) unconstitutional. Having vacated the declaration of unconstitutionality, the only issue on appeal is the propriety vel non of the preliminary injunction. Appellate jurisdiction to decide that issue lies in the court of appeal. La. Const. art. V, § 10(A). Accordingly, we transfer this case to the court of appeal for expedited review as a timely filed appeal of the judgment granting the preliminary injunction.[2] During the pendency of the appeal in the court of appeal, the parties are at liberty to move in the trial court for a trial on the merits regarding the permanent injunction, and perhaps coincidently, the declaratory relief sought.
JUDGMENT VACATED IN PART AND TRANSFERRED TO THE COURT OF APPEAL FOR EXPEDITED APPELLATE REVIEW.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] In 1999, the Louisiana State Law Institute redesignated the statute as La. R.S. 33:9092. For purposes of consistency, we will refer to the statute by its original designation of La. R.S. 33:2740.38.
[2] Review of the judgment granting the preliminary injunction does not require a final determination on the merits of the constitutional issue. In order to obtain the preliminary injunction, plaintiffs were not required to prove the statute unconstitutional but rather to make a prima facie showing that they would prevail on the merits of the case. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346, 348 (La.1979).