804 So.2d 625 (2001)
WOMEN'S HEALTH CLINIC, et al.
v.
The STATE of Louisiana.
No. 2001-CA-2645.
Supreme Court of Louisiana.
November 9, 2001.
*626 PER CURIAM.[*]
The State of Louisiana ("State") invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared La. R.S. 9:2800.12 unconstitutional.
Plaintiffs filed suit against the State to challenge the constitutionality of La. R.S. 9:2800.12, which imposes tort liability upon abortion providers in favor of "the mother of the unborn child for any damage occasioned or precipitated by the abortion." Plaintiffs, four clinics and a Louisiana-licensed physician who provide abortion services in Louisiana, alleged that the statute is unconstitutionally vague, violates the right to privacy, and denies them equal protection of the law. They sought temporary as well as permanent injunctive relief barring the State from enforcing the provisions of La. R.S. 9:2800.12, and a declaratory judgment that the statute is unconstitutional.
The district court granted a temporary restraining order and set for hearing plaintiffs' request for a preliminary injunction. Following the hearing, the district court rendered judgment granting the preliminary injunction, based on a finding that La. R.S. 9:2800.12 is unconstitutional.
The State suspensively appealed the district court's judgment to this court.
The only issue to be considered at a hearing on a preliminary injunction is whether the moving party has met its burden of proving that it will suffer irreparable injury, loss, or damage if the injunction is not issued, that it is entitled to the relief sought as a matter of law, and that it will likely prevail on the merits of the case. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). However, in the instant case, the district court's declaration of unconstitutionality was in effect a ruling on the merits of plaintiffs' petition for declaratory relief. There is nothing in the record to suggest that the parties agreed to try the declaratory action at the hearing on the preliminary injunction. Thus, the issue of the constitutionality of the statute was not ripe for determination. See Kruger v. Garden Dist. Ass'n, 99-3344 (La.3/24/00), 756 So.2d 309.
Accordingly, we vacate that portion of the district court's judgment declaring La. R.S. 9:2800.12 unconstitutional. The case is transferred to the court of appeal for expedited review as a timely filed appeal on the merits of the judgment granting the preliminary injunction. La. Const. art. V, § 10(A).
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.