PER CURIAM.
| plaintiffs, three law firms located in Orleans Parish and two practicing attorneys in Orleans Parish, filed the instant “Petition for Declaratory Judgment and Permanent Injunctive Relief,” naming the State of Louisiana (“State”) and the Attorney General as defendants. The petition sought to declare a portion of 2006 Act No. 621 (“Act 621”) unconstitutional, as well as seeking preliminary and permanent injunctions prohibiting, among other things, the establishment of the new 41st Judicial District Court. In particular, the petition alleged that portions of Act 621 are unconstitutional because the legislature violated La. Const, art. V, § 15(B) in failing to require a voter referendum on the creation of the new judicial district in Orleans Parish prior to the passage of the Act.
Subsequently, plaintiffs filed a motion for preliminary injunction, requesting in-junctive relief to preserve the status quo pending a trial on the merits. In support, plaintiffs argued that they are entitled to relief because they made a prima facie showing that Act 621 is unconstitutional.
The State opposed the motion, arguing that plaintiffs failed to make a prima facie showing that Act 621 is unconstitutional. The State noted that plaintiffs have simply asserted thirteen causes of action challenging Act 621’s constitutionality, and that these assertions of causes of action do not entitle them to an injunction which Rwould effectively disable the State from enacting Act 621. In addition, the State argued that a public referendum is not required to create the 41st Judicial District Court pursuant to La. Const, art. V, § 32.
The district court granted plaintiffs’ motion for preliminary injunction, and rendered judgment declaring the part of Act 621 which creates the 41st Judicial District Court unconstitutional pursuant to La. Const, art. V, § 15(B). The State now appeals that judgment to this court.
Upon review of the record in this matter, we conclude that when the trial court declared part of Act 621 unconstitutional, it went beyond the limited legal issues regarding the preliminary injunction that were before the court. The hearing conducted was a summary proceeding, the scope of which was limited to addressing plaintiffs’ demand for a preliminary injunction, as well as the various exceptions filed by defendants. However, the trial court’s declaration of unconstitutionality was in effect a ruling on the merits of plaintiffs’ petition for declaratory relief. While no great harm would necessarily come from resolving the constitutional issue coincident with a ruling on the preliminary injunction, the record is devoid of anything to suggest that the parties had agreed to try the declaratory action — an action designated by our Code of Civil Procedure as an ordinary proceeding — at the preliminary injunction hearing. Thus, the issue *739 of the constitutionality of the statute was not ripe for determination. See Women’s Health Clinic v. State, 01-2645 (La.11/9/01), 804 So.2d 625; Kruger v. Garden Dist. Ass’n, 99-3344 (La.3/24/00), 756 So.2d 309.
Accordingly, we vacate that portion of the district court’s judgment declaring a portion of Act 621 unconstitutional. We will transfer the case to the court of appeal 13for expedited review as a timely filed appeal on the merits of the judgment granting the preliminary injunction.[1]
DECREE
For the reasons assigned, the judgment of the district court is vacated and set aside. The case is remanded to the court of appeal for further proceedings consistent with this opinion.

. We take judicial notice of the fact that during the 2008 Regular Session, the Louisiana Legislature passed, and the Governor signed into law, three acts (Act No. 675, Act. No. 873, and Act No. 879) which may affect the subject matter of this litigation. In particular, Act No. 873 may affect the need for injunctive relief in this matter, as it delays creation of the 41st Judicial District Court until December 31, 2014. On remand, the court of appeal may consider the effect of this new legislation on the issues before the court and, if appropriate, remand the case to the district court to allow it to reconsider its ruling in light of this legislation.