JOY COSSICH LOBRANO, Judge.
11 This is a zoning case in which Interve-nor-Appellant, 4950 Dauphine, L.L.C. (“4950 Dauphine”), appeals the September 22, 2014 judgment from a preliminary injunction proceeding, declaring City of New Orleans Ordinance No. 25,923 M.C.S. (the “ordinance”) ineffective.
This litigation arises out of the proposed development of a tract of land, located in the Lower Ninth Ward of New Orleans, which was formerly occupied by the Holy Cross School campus. The property was severely damaged in Hurricane Katrina. Perez, A Professional Corporation (“Perez”),[1] the project architects, proposed to redevelop the site, as a mixed-use residential/commercial development, which required a zoning change to proceed with the development. The property’s former owner, Holy Cross College, Inc., with assistance from Perez, initially applied for a zoning change.[2] On May 8, 2014, the New Orleans j 2City Council voted to approve a modified zoning change[3] and directed the City Attorney to prepare a proposed ordinance to accomplish the zoning change. The City Council adopted the ordinance on June 19, 2014, and the Mayor signed the ordinance into law on June 25,2014.
. Plaintiffs-Appellees, the Holy Cross Neighborhood Association and three individual neighbors[4] (collectively the “Neighborhood Association”), ■ filed original and amending petitions, seeking declaratory and injunctive relief against the City of New Orleans (the “City”), the City Council, Perez, and Holy Cross College, Inc.[5] In their pleadings, the Neighborhood Association requested a declaratory judg *478 ment that the ordinance is null and void, alleging that the ordinance amounted to illegal spot zoning. The Neighborhood Association further prayed for a preliminary injunction enjoining the City from issuing building or other permits pertaining to the property. 4950 Dauphine filed a petition of intervention relative to its interest as current owner of the property.
The request for preliminary injunction was heard by the trial court on August 13, 2014 pursuant to a rule to show cause. It is undisputed that the declaratory judgment action was not set for trial, and the record reflects no agreement among the parties to proceed with a full trial on the merits on August 13, 2014. At the preliminary injunction hearing, the Neighborhood Association took the position that the ordinance is null and void because the Concept Plan was |anot physically attached or stapled to the ordinance. The trial court agreed with the Neighborhood Association’s argument and held that the ordinance was “ineffective,” which was memorialized in the judgment of September 22, 2014. The judgment and hearing transcript reflect no ruling on the request for preliminary injunction.
Whether a trial court may rule on the effectiveness or validity of an ordinance in a preliminary injunction proceeding involves a question of law. The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect. Driscoll v. Mazaleski, 2011-1719, p. 6 (La. App. 4 Cir. 5/30/12), 95 So.3d 1140, 1144. If the trial court’s decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Billieson v. City of New Orleans, 2002-1993, p. 4 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 560, writ denied, 2004-0563 (La.4/23/04), 870 So.2d 303.
A rale for preliminary injunction is conducted as a summary proceeding. Kruger v. Garden Dist. Ass’n, 1999-3344, p. 2 (La.3/24/00), 756 So.2d 309, 310. The only issue to be considered at a hearing on a preliminary injunction is whether the moving party has met its burden of proving that it will suffer irreparable injury, loss, or damage if the injunction is not issued, that it is entitled to the relief sought as a matter of law, and that it will likely prevail on the merits of the case. Women’s Health Clinic v. State, 2001-2645, p. 2 (La.11/9/01), 804 So.2d 625, 626.
|4By contrast, a claim for declaratory relief is not a summary proceeding; it requires a trial on the merits where each party has an opportunity to present evidence in a form other than verified pleadings and affidavits. Apasra Properties, LLC v. City of New Orleans, 2009-0709, p. 18 (La.App. 4 Cir. 2/11/10), 31 So.3d 615, 626-27 (citing La. C.C.P. arts. 1879 and 2592). See also James v. Ocean Nat., L.L.C., 2004-2119, p. 6 (La.App. 4 Cir. 5/18/05), 905 So.2d 1096, 1100, writ denied, 2005-2108 (La.2/10/06), 924 So.2d 171 (“A declaratory judgment must be brought as an ordinary proceeding”).
Here, the hearing conducted was a summary proceeding, the scope of which was limited to addressing the Neighborhood Association’s demand for a preliminary injunction. See Kruger, 1999-3344 at p. 2, 756 So.2d at 310. However, the record before us reflects that the trial court neither granted nor denied injunctive relief at the preliminary injunction hearing.
We find that when the trial court declared the ordinance ineffective, it went beyond the limited legal issues regarding the preliminary injunction that were before the court. In the instant case, the *479 district court’s declaration of the ordinance’s ineffectiveness was in effect a ruling on the merits of the Neighborhood Association’s petition for declaratory relief. There is nothing in the record to suggest that the parties agreed to try the declaratory action at the hearing on the preliminary injunction. Thus, the issue of the statute’s validity was not ripe for determination.
| .^Accordingly, for the reasons stated above, we vacate the trial court’s September 22, 2014 judgment and remand this matter to the trial court for further proceedings consistent with this opinion.
The Neighborhood Association’s motion to supplement the record is denied.
VACATED AND REMANDED; MOTION TO SUPPLEMENT DENIED

.- The record indicates that Perez is a. corporate affiliate of 4950 Dauphine.

. At the time of the zoning change application, the larger portion of the property was classified as a Two-Family Residential ("RD-3”) Zoning District, while the smaller remaining portion of the site fell within the Light Industrial ("LI”) Zoning District. Holy Cross College, Inc. and Perez sought to change the RD-3 zoning to C-1A General Commercial District zoning, with the entire property subject to a Mixed Use Planned Community District overlay.

.The modifications to the zoning change considered by the City Council included seventeen (17) provisos, which were recommended by staff of the City Planning Commission.

. The three individual neighbors were Sarah DeBacher, William Waiters, and Rodney De-jóle.

. Perez and Holy Cross College, Inc. were both dismissed from this lawsuit. .