PER CURIAM.
|, Defendants, the Louisiana Workforce Commission, the Louisiana Office of Workers Compensation, and numerous state officers (collectively referred to hereinafter as “State”), invoke the appellate jurisdiction of this court pursuant to La. Const. Art. V, § 5(D), on the ground that the district court declared certain provisions of the medical treatment schedule contained in the Workers’ Compensation Act to be unconstitutional.
Pretermitting the merits, we find the constitutional issue was not properly raised in the district court. The district court considered plaintiffs’ allegations of unconstitutionality in the context of a hearing on plaintiffs motion for preliminary injunction. It is well settled that a court may not declare a statute unconstitutional in the context of a summary proceeding such as a preliminary injunction hearing. Kruger v. The Garden District Assoc., 99-3344 (La.3/24/00), 756 So.2d 309. In Women’s Health Clinic v. State, 01-2645, p. 2 (La.11/9/01), 804 So.2d 625, 626, we dismissed an appeal on similar grounds, stating:
The only issue to be considered at a hearing on a preliminary injunction is whether the moving party Jias met its burden of proving that it will suffer irreparable injury, loss, or damage if the injunction is not issued, that it is entitled to the relief sought as a matter of law, and that it will likely prevail on the merits of the case. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). However, in the instant case, the district court’s declaration of unconstitutionality was in effect a ruling on the merits of plaintiffs’ petition for declaratory relief. There is nothing in the record to suggest that the parties agreed to try the declaratory action at the hearing on the preliminary injunc *399 tion. Thus, the issue of the constitutionality of the statute was not ripe for determination. See Kruger v. Garden Dist. Ass'n, 99-3344 (La.3/24/00), 756 So.2d 309.
In the instant case, the July 30, 2015 judgment indicates the case came before the court for a hearing on a motion for preliminary injunction filed by plaintiffs. The record does not suggest the parties agreed to try the declaratory action at this hearing. As a result, the constitutional issue was not properly postured for resolution.[1]
In the absence of a valid declaration of unconstitutionality, we lack appellate jurisdiction over this case. Accordingly, pursuant to La.Code Civ. P. art. 2162, we hereby transfer this appeal to the court of appeal for review of the judgment granting the preliminary injunction.

. We also note the district court’s July 30, 2015 judgment does not contain any formal declaration of unconstitutionality. We acknowledge the district court’s "ruling” of June 24, 2015, which is purportedly incorporated by reference in the July 30, 2015 judgment, discusses constitutionality. However, the June 24, 2015 “ruling” appears to be reasons for judgment rather than an actual judgment. This court has recognized reasons for judgment form no part of the judgment and therefore cannot serve as a declaration of unconstitutionality. See Carmena v. East Baton Rouge Parish Sheriff's Office, 06-2680 (La.2/2/07), 947 So.2d 715.