Judge Edwin A. Lombard
11 This appeal is from the April 23, 2015, trial court judgment denying the second petition for injunctive relief filed against the St. Bernard Parish Government and Road Home Corporation d/b/a Louisiana Land Trust by the plaintiffiappellant, Salvador Randazzo. After review of the judgment in light of the record, the applicable law, and the arguments of the parties, we affirm the trial court judgment.

Relevant Facts and Procedural History

Mr. Randazzo is the executor of his parents’ successions which include ownership of the home at 2020 Livaccari Drive in St. Bernard Parish. The Randazzo home, like 90% of St. Bernard Parish, suffered severe damage from Hurricane Katrina. Mr. Ran-dazzo does not reside in St. Bernard Parish.
On November 18, 2014, the trial court granted an injunction preventing the sale of 2024 Livacarri Drive for a sixty-day period during which Mr. Randazzo was afforded the opportunity to correct code violations[1] on the property and file an |2application for purchase of the property next door pursuant to the “Lot Next Door” program. The “Lot Next Door” program (LND) was designed by the Road Home *549 Program d/b/a as Louisiana Land Trust to aid neighborhood recovery after Katrina wherein homeowners who had returned and rebuilt their property were given the right of first refusal to purchase neighboring uninhabited properties at substantially discounted prices. The LND required that the property used as a basis to purchase the adjoining property be without existing code violations. Mr. Randazzo did not appeal the judgment of November 18, 2014, and that judgment is not at issue in this appeal.
On March 3, 2015, Mr. Randazzo filed a petition against St. Bernard Parish and the Road Home Corporation d/b/a Louisiana Land Trust characterized as a rule to show cause why St. Barnard Parish should not be enjoined from (1) selling the property at 2024 Livacarri; (2) requiring him to obtain permits to perform work on codal violations; and (3) taking any action pertaining to the pool or pool cover at 2020 Livacarri. The focus of Mr. Randazzo’s complaint appears to be codal violations cited by St. Bernard pursuant to an inspection of the property at 2020 Livacarri that occurred shortly after the judgment of November 18, 2014.
On March 18, 2015, the trial court held a hearing on Mr. Randazzo’s petition. Mr. Randazzo testified that he understood the sixty day deadline placed on him by the judgment of November 18, 2014; that he received a letter on November 24, 2014, advising him of code violations on the property; and that, although he sent emails to various employees in the St. Bernard Parish government ^objecting to the cited problems, he took no actions to remediate the purported codal violations.
On April 23, 2015, the trial judge denied Mr. Randazzo’s petition for preliminary injunction against St. Bernard Parish, finding that Mr. Randazzo • failed to comply with the judgment of November 18, 2014, within the stipulated sixty-day period and, therefore, St. Bernard Parish was free to transfer the lot to the next qualifying applicant. In his reasons for judgment, the trial judge observed that after the November 18, 2014, judgment, Mr. Randazzo was cited for additional code violations and, although given the right to remedy those violations within the stipulated period, failed to correct the problems. With regard to Mr. Randazzo’s allegation that he had been singled out and treated more harshly than other applicants, the trial judge found that Mr. Randazzo presented no credible evidence to establish discrimination for purposes of injunctive relief. He also noted that Mr. Randazzo did not dispute the existence of the codal violations, only questioning the motives of St. Bernard Parish in citing him for the violations. Thus, because Mr. Randazzo failed to comply with the LND requirements (including the requirement that a property be without code violation to qualify as the basis for transfer of a lot) within the time period stipulated in the judgment of November 18, 2014, the trial judge found that Mr. Randazzo was not entitled to further injunctive relief. The trial judge observed that Mr. Randaz-zo maintained the right to pursue monetary damages for discriminatory actions by St. Barnard Parish if proved at trial, but meanwhile he was required to maintain the property (like every 'other landowner in I ¿St. Bernard Parish) according to the code on a continuing basis regardless of the periphery impact of the failure to do so upon land acquisition opportunities.
On May 7, 2015, Mr. Randazzo filed a notice of intention to apply for supervisory writ. Because Mr. Randazzo was seeking relief from an appealable judgment, this court remanded the matter to the trial court and ordered that the trial court treat the timely filed notice of intent as a timely filed notice of appeal. Randazzo v. St Ber *550 nard Parish Government, 15-1067 (La. App. 4 Cir. 10/7/15) (citing La. Code Civ. Proc. art. 3612).

Applicable Law

Because a preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo pending a trial of the issues on the merits of the case, the court only considers whether (1) the moving party has met its burden of proving that it will suffer irreparable injury, loss, or damage if an injunction is not issued; (2) the moving party is entitled to the relief sought as a matter of law; and (3) the moving party will likely prevail on the merits. Women’s Health Clinic v. State, 01-2645, p. 2 (11/9/01), 804 So.2d 625, 626 (citation omitted). Notably, “irreparable injury” means the petitioner cannot be adequately compensated in money damages for his injury. HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1753, 96-1693, p. 13 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 843. Moreover, in addition to irreparable injury, the petitioner must show that he is entitled to the relief sought and must make a prima facie showing that he will prevail on the merits of the case. General Motors Acceptance Corporation v. Daniels, 377 So.2d 346 (La. 1979).
| Standard, of Review
The standard of review for a preliminary injunction is whether the trial court abused its discretion in ruling. Historic Restoration, Inc. v. RSUI Indemnity Co., 06-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208.

Discussion

Mr. Randazzo asserts five' assignments of error with related issues for review.

Assignment of Error 1

In his first assignment • of error, Mr. Randazzo argues that “[t]he trial court abused its discretion in allowing SBPG [St. Bernard Parish Government] to conduct numerous inspections of 2020 Livaccari Drive, when the custom and practice of SBPG was not to inspect the majority of other LND applicants’ properties, as testified to by SBPG employees, Cliff Zeairs and' Clay Dillon.” According to Mr. Ran-dazzo, this presents the issue of “[w]hether the rights of 2020 Livacarri, as qualifying property to purchase LND, 2024 Livacarri were violated by SBPG’s numerous post application inspections of 2020 Livaccari, when SBPG emplyees testified that SBPG did not typically inspect a Lot Next Door (LND) qualifying property.”
The custom and practice of the St. Bernard Parish government with regard to property code violations was not an issue before the trial court in determining whether Mr. Randazzo was entitled to a preliminary injunction. Concomitantly, the district court does not oversee the conduct of St. Bernard Parish employees in the course of their employment. Therefore, it was not within the district court authority to allow or disallow the inspection of Mr. Randazzo’s property. Inherent in the judgment of November 18, 2014, is that the property would be subject to the |fiLND requirements and, inherent in the requirement that a subject property be without code, violations, is the implication that the property will be inspected. Mr. Randazzo does not dispute that the LND required the property upon which an application is based to be without existing code violations, nor does he challenge the constitutionality of that LND requirement or St. Bernard’s property code.
To the extent that Mr. Randazzo asserts that the “rights of 2020 Livaccari” were violated,” property is not accorded human legal rights in the United States. Moreover, even accepting arguendo the *551 existence .of such a property right, it is unclear how the “rights of 2020 Livaceari” could be affected by the purported failure of-parish employees to inspect other properties.
Mr. Randazzo does not dispute that he was provided a sixty-day period in which to successfully file an application for the LND or that the LND program required that any property serving as a basis for a land transfer be in compliance with all parish property code provisions which, in turn, required inspection by a designated employee of St. Bernard Parish. To the extent that Mr. Randazzo argues that parish officials did not adhere to LND requirements with regard to other LND applications and transfers, that issue was not before the trial court at the hearing for injunctive relief and is not before this court on appeal. This assignment of error is without merit.

Assignment of Error 2

In his second assignment of error, Mr. Randazzo asserts that the “[t] trial court abused its discretion in failing to enjoin SBPG and stop its continual and concerted effort to give the politically connected Poches preferential treatment where 2024 Livacarri Drive, an LLT property, was concerned, over the qualify property, 2020 by SBPG’s illegal, obvious and continuous course of conduct to 17cite 202Ó as having violations of SBPG eode provisions to bar and disqualify 2020 from acquiring 2024 Livacarri Drive, the lot next door to it, and in failing to enjoining SBPG from revoking Randazzo’s application and forwarding the expired mislabeled application of rear lot owners and politically connected Poches to the LLT for the sale of 2024 Livacarri to them.” According to Mr. Randazzo, this assignment of error presents the issue of “[wjhether there was a continuous, concerted and illegal effort to issue notice of code violations against 2020 Livaceari to disqualify it from the LND, as evidenced by the revocation of Randazzo’s LND application and SBPG’s transmission of the politically connected Poche’s expired rear lot application, mislabeled a ‘Lot New Door Application,’ to the LLT to sell 2024 Livacarri to the politically connected Poch-es.”
To the extent Mr. Randazzo claims that St. Barnard Parish discriminated against him in the application process, his right to a trial on the merits of this claim was reserved in the judgment of April 23, 2015. For purposes of a preliminary injunction, however, the district court did not abuse its discretion in “failing to enjoin” an “effort” by St. Bernard Parish to give another applicant “preferential” treatment. The judgment of November 18, 2014, gave Mr. Randazzo a sixty-day period to bring his property into compliance with the parish code and to file an LND application. Mr. Randazzo did not appeal that judgment or contest in any other manner the conditions placed upon him by the judgment, ie,, the sixty-day time period and compliance or successful LND application, nor did he challenge the LND requirement that the property at 2020 Livacarri be without code violations to qualify for the program.
. St. Bernard Parish was ordered to transfer the property to Mr. Randazzo if the property was in compliance with the terms of the program within the stipulated | stime period. To expedite the process, St. Bernard Parish inspected the property and advised Mr. Randazzo by letter dated November 24,. 2014, of the existing code violations that needed to be corrected prior to a successful application and transfer of the property. Mr. Randazzo does not dispute that these violations were not corrected within the sixty-day time period. Rather, he argues that to successfully apply for the LND under the terms of the judgment, he only needed to correct code violations cited *552 prior to the judgment of November 18, 2014. Notably, Mr. Randazzo made no effort to correct the violations cited after November 18, 2014, nor did he seek a clarification of the judgment of November 18, 2014, or an extension of time in which to comply with parish code requirements. Rather, he waited until two months after the expiration of the sixty-day period to file a petition to enjoin St. Bernard Parish from further action.
Mr. Randazzo may be able to prove at trial that the St. Barnard Parish government conspired to discriminate against him by citing the property for code violation and, thereby, manipulated the LND requirements to favor “the politically connected Poches.” Based on our review of the record, however, Mr. Randazzo did not meet the burden of proving for purposes of a preliminary hearing that he is entitled to relief as a matter of law or that he is likely to prevail on the merits.
This assignment of error is without merit.

Assignment of Error 3

In his third assignment of error, Mr. Randazzo asserts that “[t]he trial court abused its discretion in denying [Mr.] Ran-dazzo injunctive relief concerning the alleged codal violations in SBPG’s letters dated November 24, 2014, which contradicted SBPG’s stipulation in open court at the first healing and SBPG’s failure to afford Appellant a BAA [Bureau of Administrative Adjustments] | ^Administrative hearing.” According to Mr. Randazzo, this presents for review the issue of “[w]hether the qualifying properties rights were violated by SBPG’s illegal issuance of the code violations dated November 24, 2014, and also violating the SBPG’s stipulation made in open court at the first hearing, as to the condition of the house at 2020 Liva-carri.”
To the extent that Mr. Randazzo seeks to argue that the letter dated November 24, 2014, “contradicted SBPG’s stipulation in open court” and, thus, is contrary to the judgment of November 18, 2014, that matter is not before us. Mr. Randazzo did not appeal or seek clarification of the judgment of November 18, 2014. It is undisputed that to qualify for the LND, it was necessary for the property at 2020 Livac-cari to be without property code violations. Inherent in the requirement that a property be without code violations is that the property is inspected for existing violations. Pursuant to the letter of November 24, 2014, Mr. Randazzo received timely notice of the code violations that needed to be corrected prior to the transfer of the property within the sixty-day period as mandated by judgment of November 18, 2014. There is nothing in the record to indicate that Mr. Randazzo sought administrative review of the code violation citations or that he sought to appeal the code violation citations. The issue of whether St. Bernard Parish is required to “afford” an administrative hearing with regard to a citation for a parish property code violation was not an issue before the trial court on the petition for a preliminary injunction and, thus, is not an issue properly before us on appeal from a denial of a preliminary injunction.
This assignment of error is without merit.

11(⅜Assignment of Error 4

In his fourth assignment of error, Mr. Randazzo asserts that “[t]he trial court erred in denying Appellant injunctive relief and abused its discretion in failing to find that injunctive relief was based upon a factual situation reprobated by law under Louisiana Jurisprudence which has long held that it is not necessary to allege or prove irreparable injury in a petition of writ of injunction when injunctive relief is *553 sought on the grounds that the party to be enjoined in pursuing a course of action reprobated by law and in disregarding the uncontradicted testimony of Appellant, that allowing 2024 Livaccari to become the rear yard of a house in the Yalmar Subdivision would do irreparable harm and damage to the qualifying property, 2020 Liva-carri, for which a monetary award could not compensate.” According to Mr. Ran-dazzo, this presents the issue of “[w]hether Appellant was required to demonstrate ‘irreparable harm and damage’ caused by the illegal actions by SBPG’s, which were rep-robated by law, including the illegal notice of code violations and illegal attempt to transfer 2024 Livacarri to Valmar Subdivision property owners, the politically connected Poches, contrary to the original SBPG’s Lot Next Door Program.”
Contrary to Mr. Randazzo’s assertion, it is well settled that a party seeking injunc-tive relief must show that he is entitled to the relief sought, that he will prevail on the merits of the case, and that he will suffer irreparable harm if injunctive relief is not granted. See General Motors Acceptance Corporation, supra. Mr. Randazzo made no showing that he cannot be adequately compensated in money damages for his injury should he prevail at trial on the merits. See HCNO Services, Inc., supra. The actions and motives of the St. Bernard Parish Ingovernment are not at issue in this appeal. Moreover, Mr. Ran-dazzo’s repeated accusations and aspersions in his appellate brief are ill-conceived.
This assignment of error is without merit.

Assignment of Error S

In his fifth assignment of error, Mr. Randazzo asserts that “[t]he trial court abused its discretion in failing to hold that the November 24, 2014 notices of violation were intermingled with the trial court’s November 18, 2014 judgment, which SBPG relied upon to exceed the scope of the judgment, that there was no prior legal notice of violation of codal provisions as to the in-ground pool to Appellant, and in exceeding the rules and regulations of the lot next door program by imposing a sixty day deadline upon Appellant had there been proper legal notice, and in failing to enjoin SBPG’s misinterpretation of his November 18, 2014 judgment.” According to Mr. Randazzo, the issue presented in this assignment of error is “[wjhether the Petition for Injunctive Relief filed by Appellant and heard by Judge Robert Buckley in March 2015 properly sought relief from the trial court’s earlier impositions of a 60 day deadline for remediation not required under the Lot Next Door Program and whether the August 2014 judgment was authority for SBPG to re-inspect 2020 Li-vacarri.”
Mr. Randazzo did not timely appeal the November 18, 2014, judgment. This assignment of error is without merit.

Conclusion

At the hearing on his petition for a preliminary injunction, Mr. Randazzo failed to meet his burden of proving that he will suffer irreparable injury, loss, or damage if an injunction is not issued, that he is entitled to the relief sought as a matter of law, and that he will likely prevail on the merits. Therefore, the trial I i ¿judge did not abuse his discretion in denying injunctive relief. The judgment is affirmed.
AFFIRMED.
LEDET, J., CONCURS
BROUSSARD, J., CONCURS WITH REASONS
LEDET, J., CONCURS
hi concur in the result.

. Prior to filing for injunctive relief, Mr. Ran-dazzo filed an action against St. Bernard Parish pertaining to a dispute over code violations which resulted in an agreement concerning a cover for the in-ground pool on the property. In his reasons for judgment for the November 18, 2014, judgment, the trial judge noted that the pool cover issue was initially resolved but by the time Mr. Randazzo filed the application to acquire the adjoining property, other violations related to the pool existed. Therefore, injunctive relief was granted for a sixty-day period to provide an opportunity to Mr. Randazzo to correct the existing code violations and comply with the "Lot Next Door” program requirements. The block grant program underlying the "Lot Next Door" program ended on February 1, 2013, but Mr. Randazzo’s right to purchase under the program was protected for an additional sixty days by the judgment of November 18, 2014, with the caveat that his right to purchase could not be continued indefinitely under the program.