BROUSSARD, J.
CONCURS WITH REASONS
hi agree with the majority opinion-in so far as it affirms the trial court judgment denying the second petition for injunctive relief filed against the St. Bernard Parish Government and Road Home Corporation d/b/a/ Louisiana Land Trust. However, I write separately to address the issue of whether St. Bernard Parish Government and Road Home Corporation are entitled to discretionary immunity from liability under the facts of this case. In Louisiana, the legislature adopted La. R.S. 9:2798.1, which exempts public entities from liability for their employees’ discretionary or policy-making acts, and states as follows:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related lato the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D.The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
This statute does not protect against legal fault or negligent conduct at the operational level, but only confers immunity for policy decisions; i.e. decisions based on social, economic, or" political concerns. Fowler v. Roberts, 556 So.2d 1 (La.1989) (on rehearing); Socorro v. Orleans Levee Board, 561 So.2d 739 (La. App. 4th Cir.) writ granted, 568 So.2d 1068 (La.1990). In Fowler, the Louisiana Supreme Court adopted the two step test set forth in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), to determine whether the discretionary function exception to governmental liability applies. First, the exception does not apply when a statute, regulation, or policy specifically prescribes a course of action, i.e. where there is no element of choice, or discretion, involved. Second, the exception only confers immunity where the discretionary action involves the permissible exercise of a policy judgment grounded in social, economic, or public policy. Fowler, 556 So.2d at 15, citing Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958. Thus, discretionary immunity will not apply when a specific course of action is prescribed as the employee has no rightful option but to adhere to the directive. Id. On the other hand, when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception: one grounded in social, economic, or political activity. Fowler v. Roberts, 556 So.2d 1 (La. 1989); Kniepp v. City of Shreveport, 609 So.2d 1163 (La. App. 2 *555 Cir. 1992), writ den. 613 So.2d 976 (La. 1993); Rick v. State Dep’t of Transp., 93-1776, 93-1784 (La.1/14/94); 630 So.2d 1271. If it is, then the doctrine applies and the employee or agency is insulated from liability; if it is not, the employee or agency is liable for any negligence. Simeon v. Doe, 618 So.2d 848 (La.1993).
Applying the law concerning discretionary function immunity to the facts of the case sub judice, I find that Mr. Randazzo failed to allege any acts or omissions by St. Bernard Parish Government and Road Home not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists. Mr. Randazzo did not dispute the existence of the codal violations; rather he only questioned the motives of St. Bernard Parish in citing him for the violations. This allegation concerns the actions or omissions by St. Bernard Parish arising within the course and scope of its lawful powers and duties. Mr. Randazzo has not alleged any actions by St. Bernard Parish that occurred outside its duties connected with its official function. Furthermore, Mr. Randazzo did not allege any acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct.
As mentioned in the majority opinion, a preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case, the court is only obligated to determine whether: (1) the Appellant has met its burden of proving that it will suffer irreparable injury, loss, or damage if an injunction is not issued; (2) the Appellant is entitled to the relief sought as a matter of law; and (3) the moving party will likely prevail on the merits.”[1] Mr. Randazzo’s injunction sub judice, seeks to abate the legitimate governmental objectives for which the policy-making or discretionary ^powers are bestowed upon a Political Subdivision of the State of Louisiana. The absence of specific allegations regarding any conduct that would bar a defense of discretionary immunity is fatal to Mr. Randazzo’s cause of action. That is, Mr. Randazzo is not likely to prevail on the merits, is not likely to prove irreparable injury and can prove no damage suffered or that he is entitled to any remedy. Thus, because the exercise of legitimate government function is the basis of this suit, I would dismiss this matter in its entirety pursuant to La. R.S. 9:2798.1.

. Women's Health Clinic v. State, 01-2645, p. 2 (11/9/01), 804 So.2d 625, 626 (citation omitted) as cited in main opinion.