STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0816

LOUISIANA VAPING ASSOCIATION

VERSUS

THE STATE OF LOUISIANA DEPARTMENT OF REVENUE & JUANA
MARINE-LOMBARD IN HER OFFICIAL CAPACITY AS
COMMISSIONER OF THE STATE OF LOUISIANA DEPARTMENT OF
REVENUE OFFICE OF ALCOHOL & TOBACCO CONTROL

*Judgment Rendered:* **FEB 1 9 2021**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. C696456

The Honorable Timothy E. Kelley, Judge Presiding

********

| | |
|---|---|
| Thomas Ainsworth Robichaux.<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Louisiana Vaping Association |
| Chimene St. Amant<br>David Jeddie Smith<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>State of Louisiana |
| Renee G. Culotta<br>Benjamin M. Castoriano<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>State of Louisiana Department<br>of Revenue & Juana Marine-<br>Lombard, in her official capacity as<br>the Commissioner of the Office of<br>Alcohol & Tobacco Control |

*******

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

In this appeal, the plaintiff/appellant, Louisiana Vaping Association (LAVA), challenges the judgment of the Nineteenth Judicial District Court denying its requested injunctive relief. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The defendant/appellee, the Louisiana Department of Revenue, through the Office of Alcohol and Tobacco Control (collectively the ATC) promulgated a declaration of emergency on November 26, 2019 to regulate the retail and wholesale distribution of alternative nicotine and vapor products, commonly known as "vapes." The ATC cited La. R.S. 49:953(B)[1] and La. R.S. 3:1483[2] as granting it the authority to promulgate the declaration of emergency. The declaration of emergency prohibited any retail or wholesale distributor from the sale or resale of vapes without a valid registration certificate or unsuspended permit. The declaration of emergency repeats word for word much of the language included in HB No. 244 of the 2019 Regular Session, also known as Act No. 424, which was the enabling act authorizing the ATC to regulate "vapor products and alternative nicotine products."

---

[1] Louisiana Revised Statutes, 49:953(B) states, in pertinent part:

> (1)(a) If an agency finds that an imminent peril to the public health, safety, or welfare requires adoption of a rule upon shorter notice than that provided in Subsection A of this Section and within five days of adoption states in writing to the governor of the state of Louisiana, the attorney general of Louisiana, the speaker of the House of Representatives, the president of the Senate, and the Office of the State Register, its reasons for that finding, it may proceed without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, to adopt an emergency rule. The provisions of this Paragraph also shall apply to the extent necessary to avoid sanctions or penalties from the United States, or to avoid a budget deficit in the case of medical assistance programs or to secure new or enhanced federal funding in medical assistance programs. The agency statement of its reason for finding it necessary to adopt an emergency rule shall include specific reasons why the failure to adopt the rule on an emergency basis would result in imminent peril to the public health, safety, or welfare, or specific reasons why the emergency rule meets other criteria provided in this Paragraph for adoption of an emergency rule.

[2] Louisiana Revised Statutes 3:1483 enables the Louisiana Department of Health to regulate CBD products.

2

On May 18, 2020, LAVA, a non-profit trade organization representing the interests of vape manufacturers, wholesalers, retailers, and consumers in the state of Louisiana, filed a petition for declaratory judgment and injunction against the ATC on behalf of the vape retailers and wholesalers operating within the state. LAVA alleged that the ATC's declaration of emergency required vape wholesalers to execute a registration form in order to sell vape products; however, the ATC did not provide such a form for the wholesalers to register. Nevertheless, the ATC enforced its regulations and cited over 250 vape retailers for selling products that were purchased from wholesalers not properly registered. The ATC also ordered these retailers to remove all unauthorized vape products from their inventory and prohibited their sale to the public. LAVA further alleged that the ATC required wholesalers to receive a compliance letter from the U.S. Food and Drug Administration for each product sold, but that such a letter does not exist.

Based on the alleged vagueness and ambiguity of the declaration of emergency, LAVA claimed that the ATC's regulations regarding vape products were illegal and void *ab initio*. LAVA further claimed that the declaration of emergency did not in fact declare any discernable emergency for which the regulations were necessary. LAVA claimed the declaration of emergency and Act 424 were unconstitutional and prayed for a declaratory judgment to that effect. LAVA further requested that the ATC be enjoined from enforcing its rules and regulations instituted pursuant to Act 424, alleging irreparable harm to the retailers and wholesalers of vape products should the injunction not be issued.

The trial on the preliminary injunction was heard on June 2, 2020.[3] The trial court denied the injunction. The trial court declined to rule on the declaratory judgment at that time, since the issue of constitutionality necessitated an ordinary

---

[3] The trial court also heard exceptions of no cause of action and no right of action filed by the ATC. The trial court denied those exceptions, and the ATC has not appealed that ruling.

proceeding and could not be resolved with the summary proceeding on the preliminary injunction. See La. C.C.P. art. 2592; see also *Barber v. Louisiana Workforce Commission*, 2015-1700 (La. 10/9/15), 176 So.3d 398; *MAPP Const., LLC v. Amerisure Mut. Ins. Co.*, 2013-1074 (La. App. 1 Cir. 3/24/14), 143 So.3d 520, 530-31. (R. 125) As such, the trial court's judgment signed on June 15, 2020 only denies LAVA's petition for preliminary injunction and is silent as to the petition for declaratory judgment. It is the judgment denying the preliminary injunction that LAVA has appealed.

## ASSIGNMENTS OF ERROR

LAVA has cited six assignments of error:

1. The trial court erred in finding that the emergency rule of November 29, 2019 complied with the requirements of LA. R.S. 49:953(B) and that the rule is valid.

2. The trial court erred in finding that Act 424 did not unconstitutionally delegate legislative authority.

3. The trial court erred in finding that the ATC can enforce state statutes without having promulgated rules and regulations in furtherance of such enforcement.

4. The trial court erred in finding that the ATC did not unconstitutionally exercise legislative powers.

5. The trial court erred in sanctioning the ATC's promulgation of rules beyond those authorized by legislative statute.

6. The trial court erred in not issuing a preliminary injunction against the ATC.

## STANDARD OF REVIEW

A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties, pending a trial on the merits. *Hill v. Jindal*, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600. Generally, plaintiffs seeking issuance of a preliminary injunction bear the burden of establishing by a preponderance of the evidence a *prima facie* showing that they will prevail on the merits and that

4

irreparable injury or loss will result without the preliminary injunction. La. C.C.P. art. 3601; *Paradigm Health System, L.L.C. v. Faust*, 2016-1276 (La. App. 1 Cir. 4/12/17), 218 So.3d 1068, 1072.

Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B).

## DISCUSSION

Since there has been no declaratory judgment, the issue of the constitutionality of the declaration of emergency and Act 424 is not before this court; however, LAVA would be entitled to an injunction if it is found that the ATC acted unlawfully in its promulgation and enforcement of the declaration of emergency, without the necessity of LAVA showing that irreparable harm would result. See *Animal Legal Defense Fund v. State, Dept. of Wildlife and Fisheries*, 2012-0971 (La. App. 1 Cir. 4/25/13), 140 So.3d 8, 18, writ denied, 2013-1565 (La. 10/4/13), 122 So.3d 1025; see also *Downtown Development District of City of New Orleans v. City of New Orleans*, 2018-0726 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 937, writs denied, 2019-00947 (La. 9/24/19), 279 So.3d 388, 2019-0042 (La. 9/24/19), 279 So.3d 937. We must therefore address the validity and legality of the ATC's declaration of emergency and enforcement thereof.

Louisiana Revised Statutes, 49:953(B) requires the state agency promulgating the declaration of emergency to "include specific reasons why the failure to adopt the rule on an emergency basis would result in imminent peril to the public health, safety, or welfare, or specific reasons why the emergency rule meets other criteria provided in this Paragraph for adoption of an emergency rule."

The declaration of emergency states the following:

> The [ATC] finds it necessary to make immediate changes to the Louisiana Administrative Code given the need for regulation of

5

alternative nicotine and vapor products under the provisions of Act No. 424 of the 2019 Louisiana Legislature. The following regulations will give the ATC the ability to properly permit, authorize, and regulate the retail sale and distribution of alternative nicotine and vapor products, which will affect the health of Louisiana citizens and give the commissioner of the [ATC] the ability to make critical decisions that protect human health.

The only circumstances enumerated by La. R.S. 49:953(B)(1) in which emergency rulemaking can be undertaken include: (1) if an agency finds that an imminent peril to the public health, safety, or welfare requires adoption of a rule upon shorter notice; (2) to the extent necessary to avoid sanctions or penalties from the United States; (3) to avoid a budget deficit in the case of medical assistance programs; or (4) to secure new or enhanced federal funding in medical assistance programs. *Cressey v. Foster*, 96-2716 (La. App. 1 Cir. 4/25/97), 694 So.2d 1016, 1024. The ATC clearly described an imminent peril to public health by stating an immediate need for the regulation of vape products, which could adversely affect the health of Louisiana citizens. The ATC then copied the relevant text of Act 424 into the declaration of emergency without any deviations in order to create its rules of enforcement. We therefore find the ATC complied with the requirements of La. R.S. 49:953 to promulgate a valid and legal declaration of emergency and did not exceed its authority under Louisiana law.

Since the declaration of emergency is valid, we must determine whether LAVA has made a *prima facie* showing that they will prevail on the merits of the case and that irreparable injury would result without the issuance of the injunction. We find LAVA has not met its burden in showing it would succeed on the merits, because there has been no ruling as of the time of the instant appeal on the unconstitutionality of the declaration of emergency or of Act 424. Also, as stated earlier, the ATC has not illegally exceeded its authority with the promulgation and enforcement of the declaration of emergency.

6

Irreparable injury is a prerequisite to obtaining injunctive relief when the conduct sought to be enjoined is lawful. Generally, irreparable injury means a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. *Star Enterprise v. State Through Dept. of Revenue and Taxation*, 95-1980, 95-1982 (La. App. 1 Cir. 6/28/96), 676 So.2d 827, 834, writ denied, 96-1983 (La. 3/14/97), 689 So.2d 1383. The damage claimed by LAVA on behalf of the retailers and wholesalers it represents is the loss of sales of vaping products due to the enforcement of the declaration of emergency. These products have pecuniary value that, if LAVA were able to prevail on the merits, could be compensated in monetary damages. LAVA has therefore suffered no irreparable injury in the instant case. Based on the above findings, we conclude there was no abuse of discretion by the trial court's denial of a preliminary injunction. See *Louisiana Ass'n of Self-Insured Employers v. Louisiana Workforce Com'n*, 2011-1892 (La. App. 1 Cir. 3/28/12), 92 So.3d 397, 403.

## DECREE

The judgment of the 19th JDC denying Louisiana Vaping Association's petition for preliminary and permanent injunction is affirmed. All costs of this appeal are assessed to the appellant, Louisiana Vaping Association.

**AFFIRMED.**