STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1453

LIFT LOUISIANA AND LAURA FINE,
ON BEHALF OF HERSELF AND HER CLIENTS

VERSUS

STATE OF LOUISIANA

Judgment Rendered: **JUN 0 3 2022**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 710153

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Jeff Landry, Attorney General
Joseph Scott St. John
Josiah M. Kollmeyer
New Orleans, Louisiana
        and
Angelique Duhon Freel
Carey Tom Jones
David Jeddie Smith
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee,
State of Louisiana

Ellie T. Schilling
Benjamin O. Flaxenburg
New Orleans, Louisiana
        and
Kylee Sunderlin, *Pro Hac Vice*
Oakland, California

Attorneys for Plaintiffs-Appellants,
Lift Louisiana and Laura Fine,
on Behalf of Herself and Her Clients

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

This action seeks declaratory and injunctive relief concerning a jurisdictional amendment to the Louisiana statute that regulates the circumstances under which a minor can obtain an abortion in Louisiana. Lift Louisiana ("Lift") and Laura Fine ("Fine"), on behalf of herself and her clients, appeal from a judgment granting the State of Louisiana's peremptory exception raising the objection of no right of action for lack of standing, and dismissing plaintiffs' petition with prejudice. For the reasons that follow, we affirm.

## BACKGROUND

Since 1978 in Louisiana, unemancipated minors under the age of eighteen must obtain the consent of at least one parent or legal guardian before a physician has the legal authority to perform an abortion. See La. R.S. 40:1061.14(A)(1)(a) (formerly cited as La. R.S. 40:1299.35.5(A)). However, a physician may perform the abortion without the consent of a parent or legal guardian if the minor exercises her right pursuant to a judicial bypass procedure outlined in La. R.S. 40:1061.14(B). Section 1061.14(B)(1) was amended by 2021 La. Act 482, § 1, which became effective on August 1, 2021. The 2021 amendment changed the jurisdiction for judicial bypass applications from a choice between "the court having juvenile jurisdiction in the parish where the abortion is to be performed or the parish in which the minor is domiciled" to only "the court having juvenile jurisdiction in the parish in which the minor is domiciled." See 2021 La. Act 482, § 1.[1]

On July 29, 2021, a few days before Act 482 became effective, the non-profit organization Lift, and attorney Fine, on behalf of herself and her clients, filed suit

---

[1] Under Act 482, jurisdiction is also extended to a court having juvenile jurisdiction in a contiguous parish if the minor's parent or guardian is a presiding judge of the juvenile court in the parish in which the minor is domiciled, or the parish in which the minor is domiciled has a population of less than 10,000 persons. Act 482 also amends and reenacts La. R.S. 40:1061.21 to provide for the reporting of information in connection with all abortions performed in Louisiana, including the collection of information concerning all minors who undergo abortions in Louisiana.

2

against the State. In their petition, Lift and Fine sought injunctive and declaratory relief, challenging the constitutionality of Act 482's jurisdictional change in that it effectively restricts minors' rights to have meaningful access to courts. Lift's stated mission is to educate, advocate, and litigate for policy changes to improve the health and wellbeing of Louisiana women, their families, and their communities. As part of that mission, Lift facilitates a program that pairs lawyers with minors who are seeking *pro bono* representation to assist them with the judicial bypass process when seeking an abortion. Fine is an attorney who has represented minors on a *pro bono* basis when they sought a lawyer's assistance with the judicial bypass process in lieu of parental consent for an abortion. Fine works with Lift to coordinate the Louisiana Judicial Bypass Project by representing minors and supervising representation of minors by volunteer attorneys. Lift and Fine allege that their objectives in assisting minors in need of representation in judicial bypass cases will be adversely affected by the jurisdictional change in Act 482, in that serving the needs of minors will be far more time consuming, costly, and difficult.

Lift and Fine requested that the trial court issue a temporary restraining order, which was denied, and for the trial court to set a hearing on the preliminary injunction. In response, the State filed exceptions raising the objections of a lack of subject matter jurisdiction, no right of action due to a lack of standing, and no cause of action for injunctive relief because the constitutionality of a statute cannot be determined in a summary proceeding. The trial court set a hearing on August 5, 2021, regarding the preliminary injunction and the exceptions. The trial court specifically limited the hearing to those issues pertaining solely to Lift and Fine's interest in obtaining injunctive relief without addressing the constitutionality of Act 482. The parties introduced affidavits and a voluminous amount of documentary evidence pertaining to abortions for the trial court's consideration. On August 20, 2021, the trial court rendered judgment against Lift and Fine, concluding that they

3

lacked standing to bring the action, granting the State's exception of no right of action, and dismissing Lift and Fine's petition.

Lift and Fine appeal, arguing that the trial court erred in failing to grant their request for a preliminary injunction and in granting the State's exception of no right of action based on a lack of standing. Lift asserts that it has direct organizational standing to sue on its own behalf, and Fine asserts that she has standing to sue because she represents minors in the judicial bypass process. Lift and Fine also maintain that the trial court should have given them an opportunity to amend their petition rather than dismissing their entire suit, including their request for a declaratory judgment.

## PRELIMINARY INJUNCTION

A preliminary injunction serves the purpose of preventing irreparable harm by preserving the *status quo* between the parties pending a determination on the merits of the controversy. **Barber v. Louisiana Workforce Com'n**, 2015-1598 (La. App. 1st Cir. 6/2/16)(unpublished), 2016 WL 3150176, *3. Lift and Fine sought a preliminary injunction against the State on the basis that the jurisdictional changes in Act 482 are unconstitutional and they wanted to enjoin the enforcement of the changes. But by the time the trial court held the hearing on the preliminary injunction, Act 482 was already effective. Thus, at that point, what Lift and Fine were actually seeking was a change in the jurisdictional provision in the statute, not to maintain the *status quo*. Lift and Fine were arguing that the jurisdictional provision in La. R.S. 40:1061.14(B)(1) was unconstitutional, which in effect was a request for a ruling on the merits of their petition for declaratory relief. However, it is well settled that a court may not declare a statute unconstitutional in the context of a summary proceeding such as a preliminary injunction. See **Barber v. Louisiana Workforce Commission**, 2015-1700 (La. 10/9/15), 176 So.3d 398 (per curiam). See also **Kruger v. The Garden District Assoc.**, 99-3344 (La. 3/24/00),

4

756 So.2d 309, 310 (per curiam). Therefore, the trial court did not err when it did not grant the preliminary injunction. See **Barber**, 2016 WL 3150176 at *3.

## NO RIGHT OF ACTION

The trial court granted the State's exception of no right of action, finding that Lift and Fine lacked standing to challenge the constitutionality of the statute. Among the threshold requirements that must be satisfied before reaching a constitutional issue is the requirement that the party seeking a declaration of unconstitutionality have standing to raise the challenge. **In re Melancon**, 2005-1702 (La. 7/10/06), 935 So.2d 661, 667. A litigant not asserting a substantial existing legal right is without standing in court. **Id**. The Louisiana Supreme Court has explained that a party has standing to argue that a statute violates the constitution only where the statute seriously affects the party's own rights. To have standing, a party must complain of a constitutional defect in the application of the statute to him or herself, not of a defect in its application to third parties in hypothetical situations. **Id.**

When facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the plaintiff lacks standing. **In re Melancon**, 935 So.2d at 668. An exception raising the objection of no right of action is appropriate to assert a lack of standing in a declaratory judgment action. **Id**. Appellate courts review a trial court's ruling granting an exception of no right of action *de novo*, because the issue of whether a party has standing or a right of action is a question of law. **Barber**, 2016 WL 3150176 at *5. However, when evidence is introduced to support or controvert an exception of no right of action, factual findings are reviewed under the manifest error standard of review. **Pearce v. Lagarde**, 2020-1224 (La. App. 1st Cir. 10/7/21), 330 So.3d 1160, 1167, writ denied, 2022-00010 (La. 2/22/22), 333 So.3d 446.

Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest that he asserts. La. Code Civ. P. art. 681. In this case, Lift and Fine both allege that their ability to represent minors in the judicial bypass process will be adversely affected by the application of the changed jurisdictional requirements in La. R.S. 40:1061.14(B)(1) to a juvenile jurisdiction in the parish in which the minor is domiciled. Our *de novo* review of the extensive evidence presented at the hearing on the preliminary injunction, wherein the trial court also took up the State's exception of no right of action, does not establish that Lift and Fine have standing to challenge the constitutionality of the amended statute. Neither Lift nor Fine are minor pregnant women whose rights are actually affected by the jurisdictional change. Lift and Fine are latching onto the rights of third parties who are not parties in this lawsuit; *i.e.*, minors currently seeking judicial bypass in lieu of parental consent for obtaining an abortion.

The record is void of any evidence of an attorney-client relationship between Fine and any minor directly affected by the jurisdictional change in the statute. Likewise, while Lift attempted to show that it had organizational standing to challenge the jurisdictional changes in the statute, Lift did not make any allegation about specific adverse consequences – present or probable – that would likely occur when the jurisdictional change became effective. Lift's arguments are speculative and pure conjecture regarding curtailed activities or diverted resources in order to respond to the challenged statute, and simply do not support a finding of organizational standing to assert their own rights. See **NAACP v. City of Kyle, Tex.,** 626 F.3d 233, 238 (5th Cir. 2010) ("[t]he mere fact that an organization redirects some of its resources to litigation and legal counseling in response to actions or inactions of another party is insufficient to impart standing upon the organization."), citing **La. ACORN Fair Housing v. LeBlanc,** 211 F.3d 298, 305 (5th Cir. 2000), cert. denied, 532 U.S. 904, 121 S.Ct. 1225, 149 L.Ed.2d 136 (2001).

Additionally, Lift is not a provider of abortion services that could arguably be affected by the jurisdictional change that eliminates the parish where abortions will be performed as a choice for a minor using the judicial bypass procedure. See **Causeway Medical Suite v. Ieyoub**, 905 F.Supp. 360, 363 (E.D.La. 1995) ("it is clear from the recent decisions of the Supreme Court that providers of abortion services do have standing to assert the claims relative to the right of their [minor] patients to choose to have an abortion.").[2] Thus, we agree with the trial court that Lift and Fine lack standing to proceed with their petition for declaratory and injunctive relief.

## OPPORTUNITY TO AMEND PETITION

Lift and Fine maintain that the trial court abused its discretion in not affording them an opportunity to amend their petition before dismissing their suit with prejudice. Pursuant to La. Code Civ. P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. However, the right to amend a petition is not absolute. **Palowsky v. Cork**, 2019-0148 (La. App. 1st Cir. 5/20/20), 304 So.3d 867, 875. Amendment is not permitted when it would constitute a vain and useless act. **Id.** A trial court is not required to allow a plaintiff the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. **Id.** Our review of Lift and Fine's petition reveals no reason to order an amendment of the petition in this case. Lift and Fine cannot remove their lack of standing, because they are attempting to pursue the rights of minor girls seeking a judicial bypass in order to

---

[2] Federal jurisprudence is of assistance to us in determining what constitutes an actual interest assertable before our courts. See **Louisiana Hotel-Motel Ass'n Inc. v. Parish of East Baton Rouge**, 385 So.2d 1193, 1196 (La. 1980).

obtain an abortion. Lift and Fine cannot cure this defect by amending the petition. Therefore, we find no abuse of discretion in the trial court's dismissal of the petition with prejudice.

## CONCLUSION

We affirm the August 20, 2021 judgment of the trial court. We assess all costs associated with this appeal against plaintiffs-appellants, Lift Louisiana and Laura Fine.

**AFFIRMED.**